[Cite as *Steele v. Chillicothe Corr. Inst.*, 2018-Ohio-1713.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Charles M. Steele, :

    Plaintiff-Appellant, : No. 17AP-86
(C.P.C. No. 16CV-11128)

v. :

    (ACCELERATED CALENDAR)

[Chillicothe Correctional Institution], :
Warden Charlotte Jenkins et al.,

     :

    Defendants-Appellees.

     :

D E C I S I O N

Rendered on May 3, 2018

**On brief:** *Charles M. Steele*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Kelly N. Brogan*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Charles M. Steele, appeals from the January 5, 2017 judgment of the Franklin County Court of Common Pleas sua sponte dismissing his complaint. For the reasons that follow, we affirm.

**I. Facts and Procedural History**

{¶ 2} On November 22, 2016, appellant, an inmate at the Chillicothe Correctional Institution, acting pro se, filed a complaint against defendants-appellees Warden Charlotte Jenkins and Gary C. Mohr as Director of the Ohio Department of Rehabilitation and Correction.

{¶ 3}   On December 6, 2016, the trial court filed an entry with a detailed analysis of its attempt to decipher the complaint filed November 22, 2016.  The court ordered appellant as follows: "re-plead [your] complaint to assert in much more detail exactly what [you] believe[] to be [your] claim or claims in this court."  (Journal Entry at 3.)  The trial court ordered appellant to comply "within 21 days of this Entry, or this case will be dismissed." (Journal Entry at 3.)  In this same entry, the trial court stayed appellees requirement to file an answer or motion until 14 days after appellant files an amended complaint.  Appellant did not file an amended complaint.  Rather, on December 30, 2016, appellant filed an application for default judgment.

{¶ 4}   On January 5, 2017, the trial court denied appellant's application for default judgment and dismissed the complaint.

{¶ 5}   Appellant timely appealed on February 3, 2017.

## II.  Assignment of Error

{¶ 6}   Appellant appeals and assigns the following sole[1] assignment of error for our review:

> There is a clear-cut case of abuse of discretion where the trial judge makes a bias and prejudicial judgment in a case in favor of one of the parties involved in the case.

Appellant further explains the issue he presents for this court to review as:

> Can a [Trial] Judge dismiss a Complaint where the Respondents [sic] never answer and failed to appear.

---

[1] Much of appellant's brief is devoted to the argument that he was not served a copy of the December 6, 2016 notice that he re-plead his complaint.  On February 10, 2017, appellant filed a motion for relief from judgment from the final judgment denying his application for default judgment and dismissing the case.  Attached to the motion was an affidavit in which appellant averred, among other things, that he "was never served with any Order from the Court that requested that he re-plead [t]he Complaint that he filed to the Court."  (Steele Aff. at ¶ 4.)  On September 19, 2017, this court remanded this case to the trial court and stayed this appeal in order for the trial court to rule on appellant's motion for relief from judgment.  On March 9, 2018, the trial court determined appellant was electronically notified of the December 6, 2016 order and denied appellant's motion for relief from judgment.  The trial court's ruling denying the motion for relief from judgment is not the subject of the appeal before us and, therefore, we decline to address appellant's argument that he was not served a copy of the December 6, 2016 order at this time.

## III.  Discussion

{¶ 7}   On December 6, 2016, the trial court sua sponte ordered appellant to re-plead his complaint.  The court also stayed the answer time for appellees until 14 days after an amended complaint is filed.[2]

{¶ 8}   In the same entry, the trial court noted that failure to comply with the order to re-plead the complaint could result in dismissal of the complaint.

{¶ 9}   Civ.R. 41(B)(1) states:

> **Failure to prosecute**. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

{¶ 10}  Here, the trial court put appellant on notice that dismissal of the complaint could be a consequence for failure to comply with the order to re-plead.  Appellant did not re-plead his complaint but, rather, filed a motion for default judgment.  Appellant has not persuaded this court that the trial court erred in dismissing his complaint.  Accordingly, we overrule appellant's sole assignment of error.

## IV.  Conclusion

{¶ 11}  Having overruled appellant's sole assignment of error, we affirm the January 5, 2017 judgment of the Franklin County Court of Common Pleas denying appellant's application for default judgment and dismissing of the complaint.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

---

[2] Although the trial court appears to have issued the entry sua sponte, we note that Civ.R. 12(E) states: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a definite statement before interposing his responsive pleading. * * * If the motion is granted and the order of the court is not obeyed within fourteen days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."